## WAGREICH v. BID AND BUY, INC., etc. et al. and RADIO WAVS, INC. v. EMPLOYERS REINSURANCE CORPORATION

Case Nos. 83-22430-CY, 83-23268-CW, 83-23265-CK, 83-23270-CU, 84-0l741-CX, 84-01739-CW, 84-01737-CV, 84-01742-CY, 84-02283-CM, 84-02284-CZ, 84-02955-DA and 84-02951-DA

Seventeenth Judicial Circuit, Broward County

May 28, 1985

### APPEARANCES OF COUNSEL

**Harold B. Wahl** for third party defendant, Employers Reinsurance Corporation.

**Philip M. Berman** for third party plaintiff, Radio WAVS, Inc.

**Walter G. Campbell** for plaintiffs, Beatrice Wagreich and Maurice Wagreich.

### OPINION OF THE COURT

LAWRENCE L. KORDA, Circuit Judge.

This cause came on to be heard, after proper notice and argument of counsel, on the motion of Third Party Defendant Employers Reinsurance Corporation to dismiss the Third Party Complaint filed against it by Defendant Radio WAVS, Inc., d/b/a WAVS Radio Station.

Upon consideration, it is ordered:

1. Attached as Exhibit "A" to the Third Party Complaint is a copy of the insurance policy on which Defendant Radio WAVS, Inc. sues Employers Reinsurance Corporation. The policy shows on its face that it covers only Radio WAVS, Inc., and then only for:

"Libel or Slander or the infringement of rights pertaining to or arising out of Privacy, Plagiarism, Piracy or Copyright."

2. It is clear from the Amended Complaint attached to the Third Party Complaint, and from the Third Party Complaint itself, that the cause of action here is for fraud and misrepresentation and failure to handle funds properly; and *not* for the matters insured against in the policy, i.e., libel, slander, or the infringement of rights pertaining to privacy.

3. As stated in Fla. Jur. 2d, Insurance, Section 400:

"Section 400. Necessity of construction; plain and unambiguous language

The question of the construction of a contract of insurance can arise only when the language of the contract is in need of construction. If the language of the contract is clear and unambiguous, there is no occasion for construction, and the language will be accorded its natural meaning. This means that the terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction, since the court cannot make a new contract for the parties where they themselves have employed express and unambiguous words."

And at Section 401:

"Section 401. Intention of parties and ascertainment thereof; construction by agent

A contract of insurance should be construed to give effect to the intention of the contracting parties. Once the intention of the parties is clearly ascertained, a policy of insurance will be liberally construed in order to carry out that intention, especially where a literal construction would lead to manifest injustice. The court cannot, however, under the guise of construction, make a new contract for the parties.

If the terms of an insurance policy are unambiguous, an interpretation thereof by the insurance company's general agent does not bind the insurer, but if the terms of the policy are ambiguous, the insurer may be estopped to deny the corrections of an interpretation put upon the policy by its general agent."

81

See Section 407:

Section 407. Requisites and limitations on rule

The rule that insurance policies should be strictly construed in favor of the insured and against the insurer does not apply where the language used in the policy is so plain and unambiguous as to leave no room for construction. If the language used is clear and unambiguous, it will of course be given its natural meaning. The court should not extend strictness in construction to the point of adding a meaning to language that is clear."

4. Here by the plain language of the insurance contract there is no coverage of the matters sued on. There is no basis for any claim by Third Party Plaintiff radio station against Employers Reinsurance Corporation, neither compensatory nor punitive damages. Third Party Plaintiff had insurance coverage for libel and slander, not for fraud. It did not pay for such added coverage.

5. There being no disputed factual issues, and the insurance contract sued on not covering the damages here alleged, the Third Party Complaint of WAVS Radio Station, Inc. be and the same is hereby stricken. Third Party Plaintiff shall take nothing by its Third Party Complaint and Third Party Defendant Employers Reinsurance Corporation shall go hence without day.